# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MARSHALL ARCHER, | ) |
|        Plaintiff, | ) |
| v. | ) Docket no. 2:18-cv-00390-GZS |
| VETERANS, INC., | ) |
|        Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS COUNT III**

Before the Court is Defendant's Motion to Dismiss Count III (ECF No. 15). Based on the Court's review of the Complaint (ECF No. 1), the motion papers, as well as the cases cited therein, the Court DENIES the Motion.

A viable complaint need not proffer "heightened fact pleading of specifics," but in order to survive a motion to dismiss it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Under Federal Rule of Civil Procedure 12(b)(6), the Court assumes the truth of the facts contained in the pleadings and draws all reasonable inferences in the plaintiff's favor in resolving a request for dismissal. Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012).

In Count III of his Complaint, Plaintiff Marshall Archer, a veteran, claims that Defendant Veterans, Inc. terminated his employment in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4311. The parties agree that to succeed on this claim, Plaintiff must ultimately prove that his prior military service was a motivating factor in Defendant's decision to terminate him. (See Def. Motion (ECF No. 15), PageID # 40; Pl. Response

(ECF No. 19), PageID # 57.)  Viewing the allegations of the Complaint in the light most favorable to Archer, he alleges that he requested leave and accommodations for mental health issues, which had been documented by the Department of Veteran's Affairs ("VA") prior to his employment with Defendant.  However, Defendant "refused to consider Archer's known 90% disability rating as being sufficient evidence" of his need for the requested accommodations and Defendant fired him within 48 hours of Archer notifying Human Resources of his plan to start an intensive outpatient mental health program through the VA.  (Compl., PageID #s 7-9.)  Defendant reasonably concedes that these allegations "sufficiently plead[] a disability discrimination claim," but deny any "anti-veteran animus" can be inferred from the various emails and other factual allegations contained in the Complaint. (Def. Reply (ECF No. 20), PageID #s 67 & 69.)  However, Plaintiff plausibly asserts that another comparable employee received accommodations.  Viewed in the light most favorable to Plaintiff, there is a factual inference that his accommodations request was handled differently and that his military status is a plausible explanation for this different handling.

Thus, viewing the Complaint "holistically," the Court concludes that Archer has pled sufficient facts to state a plausible USERRA claim.  Garcia-Catalan v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (overturning dismissal upon concluding that the complaint as a whole pled "sufficient facts to state a facially plausible legal claim").  In the Court's assessment, it would simply be premature to dismiss Count III at this stage.  Therefore, the Court hereby DENIES Defendant's Motion to Dismiss Count III (ECF No. 15).

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 19th day of August, 2019.